UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VELVET ANN SAULSBERRY,

    Plaintiff,

v.                                                         Case No. 5:20-cv-570-TJC-PRL

BILLY WOODS, ALESIA CHISHOLM,
and GALEN PRIEST,

    Defendants.

## **ORDER**

Plaintiff Velvet Ann Saulsberry, an African-American woman who worked as a detention deputy at the Marion County Jail from 2006 until her termination in 2018, filed this employment discrimination suit in November 2020 against her former employer, Marion County Sheriff Billy Woods, and various other sheriff's office employees. After the Court pointed out several deficiencies with her complaint, Saulsberry, who was proceeding pro se at the time, secured counsel and filed an amended complaint in November 2021 against the Sheriff, and two detention deputies with whom Saulsberry worked, Alesia[1] Chisholm and Galen Priest. Defendants filed a motion to dismiss

---

[1] Ms. Chisholm's first name is spelled various ways in the file. This is how it is spelled in defendants' motion to dismiss and in the caption of plaintiff's original complaint.

arguing that nearly all of Saulsberry's claims were subject to dismissal on several different grounds. Thereafter, the parties conferred and Saulsberry sought and was granted leave to file a Second Amended Complaint (Doc. 35). Defendants now move to dismiss nine of the thirteen counts (Doc. 39), Saulsberry responded in opposition (Doc. 40), and this matter is ripe for review.[2]

In her Second Amended Complaint, Saulsberry alleges the following claims: race discrimination under Title VII against the Sheriff (Count I); retaliation under Title VII against the Sheriff (Count II); race discrimination under the Florida Civil Rights Act ("FCRA") against the Sheriff (Count III); retaliation under the FCRA against the Sheriff (Count IV); race discrimination under the Equal Protection Act against the Sheriff (Count V); race discrimination under the Equal Protection Act against Priest (Count VI); race discrimination under the Equal Protection Act against Chisholm (Count VII); race discrimination under Section 1981 against the Sheriff (Count VIII); race discrimination under Section 1981 against Priest (Count IX); race

---

[2] "To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

2

discrimination under Section 1981 against Chisholm (Count X); retaliation under Section 1981 against the Sheriff (Count XI); retaliation under Section 1981 against Priest (Count XII); retaliation under Section 1981 against Chisholm (Count XIII).

Defendants seek to dismiss Counts II, IV, VI, VII, IX, X, XI, XII, and XIII, raising several challenges. But the Court's review is frustrated by plaintiff's failure to comply with Rule 8(a)(2) and the Eleventh Circuit's prohibition against shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (explaining that of the four types of impermissible shotgun pleadings, one involves the improper incorporation of the allegations of all preceding counts into each successive count and another involves "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Thus, the Court will only briefly discuss some of the challenges defendants raise after first addressing the shotgun pleading problem.

As plaintiff's counsel has repeatedly been cautioned in other cases which predate her filing of the second amended complaint here, by incorporating all of her factual allegations into every count, her complaint presents a shotgun pleading and must be repled. See Taylor v. Shands Teaching Hosp. and Clinics, Inc., No. 1:20-cv-9-AW-GRJ, 2020 WL 12309503, at *1 (N.D. Fla. June 26, 2020) (dismissing complaint drafted by plaintiff's counsel's, citing Weiland,

3

792 F.3d at 1321-22); Turner v. Williams, No. 3:19-cv-641-J-32PDB, 2020 WL 1904016, at *3 (M.D. Fla. April 17, 2020) (dismissing complaint drafted by plaintiff's counsel for violating shotgun pleading rules by improperly incorporating every factual allegation into every count); Smith v. City of Atlantic Beach, No. 3:18-cv-1459-J-34MCR, 2019 WL 2330470, at *2, n.4 (M.D. Fla. May 31, 2019) (citing multiple cases where plaintiff's counsel's pleadings have been criticized).³

While some general background is permissible, plaintiff incorporates all 94 paragraphs of factual allegations into each of her thirteen counts, leaving the Court and defendants to guess as to which allegations form the basis for which count or counts.  For example, does the incident involving inmate Sherrell Stephens (paragraphs 32-42) relate to any claims against Chisholm or Priest and when did that incident occur?  What do the allegations about plaintiff's 2013 grievance against Priest (paragraphs 27-29) have to do with plaintiff's claims against Chisholm?  How do Chisholm's alleged restrictions on plaintiff and plaintiff's suspicions about Chisholm's motivations (paragraphs 74-75) relate to plaintiff's claims against Priest?  It cannot be that every one of these paragraphs relates to every count.  And, where the allegations included

---

³ The Court dismissed another of plaintiff's counsel's cases just last week for violating the rule against shotgun pleadings.  See Williams v. Jacobs Eng'g Grp., Inc., No. 3:22-cv-26-TJC-PDB, 2022 WL 4133200, at *3 (M.D. Fla. Sept.12, 2022).

in the counts themselves are vague, the Court is left to speculate which allegations support which count. It is plaintiff's job to present a complaint that complies with Rule 8(a)(2). In filing her third (and final) amended complaint, plaintiff must replead in a manner such that each count incorporates only those allegations that are relevant to that count.[4]

As additional guidance to plaintiff, the Court briefly addresses several of defendants' arguments. As to the challenge that plaintiff failed to administratively exhaust her Title VII and FCRA retaliation claims, plaintiff points to the Eleventh Circuit's liberal standard for finding a claim may "grow out" of a charge, suggesting this issue would only ever be ripe for consideration following discovery. See plaintiff's brief (Doc. 40) at 10 (citing, inter alia, Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004)). But the EEOC charge here states that plaintiff believes she was terminated based on her race because a white deputy previously involved in a similar incident was not disciplined, nor was anyone terminated when a similar incident occurred after plaintiff was terminated. If plaintiff has a good faith basis under Rule 11 to allege that the EEOC investigation would lead to uncovering incidents of retaliation, she may include factual allegations

---

[4] The numbering of paragraphs in plaintiff's second amended complaint is also off—page 28 ends with paragraph 115 but page 29 begins with paragraph 106. Plaintiff shall ensure that the numbering of paragraphs in her third amended complaint is sequential.

regarding that investigation in her third amended complaint (attaching documents would be appropriate if she has them); otherwise, in this case, it seems unlikely that the EEOC charge alone is enough to bring a claim for retaliation under Title VII or the FCRA.[5]

Defendants further argue that Saulsberry did not include any retaliation counts in her original complaint so any effort to raise them now is untimely, given the 90-day window to file suit on an EEOC charge. In response, plaintiff points to a paragraph in her original complaint (Doc. 1 at ¶ 5) that she contends is sufficient for her claims to relate back. But that paragraph is a conclusory statement saying plaintiff was retaliated against "on account of her heart health"—a problem never referenced in her second amended complaint. Defendants further claim that even if any of the retaliation counts are deemed to relate back to her original complaint, the second amended complaint fails to allege any causal connection between protected activity and adverse employment action. Plaintiff points to a few allegations she contends are sufficient but the Court cannot decipher the connection given the current state of the complaint.

---

[5] Again, part of the problem is that the Court can't tell who plaintiff is alleging retaliated against her, nor can it discern what protected activity gives rise to the retaliation.

6

As to her claims of race discrimination against Chisholm and Priest, defendants argue plaintiff fails to allege a hostile work environment or disparate treatment. In response, plaintiff states defendants have misconstrued her claims and that she is claiming retaliatory hostile environment, citing Babb v. Secretary, Department of Veterans Affairs, 992 F.3d 1193 (11th Cir. 2021). But plaintiff does not explain (and it is not evident) how her allegations meet that claim either.[6]

In reviewing plaintiff's original pro se complaint, the Magistrate Judge characterized this case as one which credibly alleged a claim of race discrimination based on plaintiff's termination over an incident involving an escaped inmate where a white deputy involved in a substantially similar incident involving the same inmate received no discipline. These allegations are in line with plaintiff's EEOC charge and defendants did not move to dismiss the counts which track these allegations—the race discrimination counts against the Sheriff. Plaintiff would be well served by focusing her efforts on shoring up these claims and not trying to bring in the kitchen sink. The Court will give plaintiff one final opportunity to replead. Because plaintiff will be (hopefully) reducing the number of claims, and under no circumstances will she be increasing them, the Amended Case Management and Scheduling Order

---

[6] Defendants raised other challenges too, but the Court cannot address them given the current state of the complaint.

7

(Doc. 44), including the January 6, 2023 discovery cutoff, remains in effect.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' motion to dismiss (Doc. 39) is **granted** to the extent that Plaintiff's Second Amended Complaint is dismissed without prejudice as a shotgun pleading.

2. No later than **October 21, 2022**, plaintiff may file a Third Amended Complaint to which defendant(s) shall respond no later than **November 21, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of September, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

8