**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

VELVET ANN SAULSBERRY,

    Plaintiff,                                            Case No.: 5:20-cv-00570-TJC-PRL

v.

BILLY WOODS, in his official capacity
as SHERIFF of MARION COUNTY,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COUNTS III AND IV**
**OF PLAINTIFF'S THIRD AMENDED COMPLAINT**
**WITH SUPPORTING MEMORANDUM OF LAW**

Defendant BILLY WOODS, in his official capacity as Sheriff of Marion County, Florida (the "Sheriff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Third Amended Complaint with Supporting Memorandum of Law ("Motion").

Saulsberry's Initial Complaint

1. Plaintiff, Velvet Saulsberry ("Saulsberry"), who was formerly employed with the Marion County Sheriff's Office ("MCSO"), initiated this action on November 23, 2020 when she filed her *pro se* Complaint. (Doc. 1).

2. In her initial Complaint, Saulsberry alleged the following five causes of action: (1) race discrimination under the Florida Civil Rights Act

("FCRA") against the Sheriff (Count I); (2) race discrimination under 42 U.S.C. § 1981 ("Section 1981") against the Sheriff (Count II); (3) retaliation under the First Amendment against the Sheriff and several individual defendants (Count III); (4) violation of Equal Protection against the Sheriff and several individual defendants (Count IV); and (5) retaliation under the FCRA against several individual defendants (Count V).

3.  On January 8, 2021, the Court issued an Order ordered Saulsberry to file an amended complaint by February 11, 2021 to remedy the pleading deficiencies the Court noted with her Complaint, or in lieu of filing an amended complaint, Saulsberry could pay the filing fee. (Doc. 9 at p. 8).

4.  Following the Court's granting of Saulsberry's motion to extend the time to file her amended complaint until April 8, 2021 (Docs. 11, 12), Saulsberry withdrew her request to proceed *in forma pauperis* and chose to pay the filing fee (Doc. 13).

5.  After six months of inactivity from Saulsberry, the Court, *sua sponte*, issued an Order on October 6, 2021 requiring Saulsberry to either serve the defendants by November 30, 2021 or file an amended complaint by October 26, 2021. (Doc. 14).

6.  On October 26, 2021, Saulsberry's current attorney filed a Notice of Appearance, and Saulsberry requested another extension of time to file an amended complaint, which the Court granted. (Docs. 15, 16, 17).

Saulsberry's First Amended Complaint

7. Saulsberry filed her First Amended Complaint on November 5, 2021 in which she alleged the following causes of action: (1) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") against the Sheriff (Count I); (2) race discrimination under Section 1981 against the Sheriff (Count I); (3) retaliation under Title VII against the Sheriff (Count II); (4) retaliation under Section 1981 against the Sheriff (Count II); (5) race discrimination under the FCRA against the Sheriff (Count III); (6) retaliation under the FCRA against the Sheriff (Count IV); (7) race discrimination under the Equal Protection Clause against the Sheriff (Count V); (8) race discrimination under the Equal Protection Clause against former Defendant Priest (Count VI); and (9) race discrimination under the Equal Protection Clause against former Defendant Chisholm (Count VII). (Doc. 18).

8. Due to several deficiencies in the Amended Complaint, the Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint on December 20, 2021. (Doc. 30).

9. Following the Local Rule 3.01(g) conference on December 29, 2021, Saulsberry's counsel agreed to seek leave of court to file the Second Amended Complaint to address the issues raised, and thus, Defendants notified the Court that the issues raised had been mooted. (Doc. 32).

10. On January 3, 2022, Saulsberry requested an extension of time to file the Second Amended Complaint, which the Court granted on January 10. (Docs. 33, 34).

### Saulsberry's Second Amended Complaint

11. Saulsberry filed the Second Amended Complaint on January 18, 2022, in which she alleged the same causes of action from the Amended Complaint but styled them differently in the counts: (1) race discrimination under Title VII against the Sheriff (Count I); (2) retaliation under Title VII against the Sheriff (Count II); (3) race discrimination under the FCRA against the Sheriff (Count III); (4) retaliation under the FCRA against the Sheriff (Count IV); (5) race discrimination under the Equal Protection Clause against the Sheriff (Count V); (6) race discrimination under the Equal Protection Clause against former Defendant Priest (Count VI); (7) race discrimination under the Equal Protection Clause against former Defendant Chisholm (Count VII); (8) race discrimination under Section 1981 against the Sheriff (Count VIII); and (9) retaliation under Section 1981 against the Sheriff (Count XI). (Doc. 35).

12. Additionally, Saulsberry included several new causes of action in the Second Amended Complaint: (1) race discrimination under Section 1981 against former Defendant Priest (Count IX); (2) race discrimination under Section 1981 against former Defendant Chisholm (Count X); (3) retaliation

4

under Section 1981 against former Defendant Priest (Count XII); and (4) retaliation under Section 1981 against former Defendant Chisholm (Count XIII). (Doc. 35).

13. Due to several deficiencies in the Second Amended Complaint, the Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint on February 1, 2022. (Doc. 39).

14. On September 21, 2022, this Court dismissed the Second Amended Complaint without prejudice as a shotgun pleading. (Doc. 46).

15. The Court noted its review was "frustrated by plaintiff's failure to comply with Rule 8(a)(2) and the Eleventh Circuit's prohibition against shotgun pleadings" and noted Saulsberry should "not try to bring in the kitchen sink" and would be given "one final opportunity to replead." (Doc. 46).

<u>Saulsberry's Third Amended Complaint</u>

16. Saulsberry filed her Third Amended Complaint on October 21, 2022, in which she dropped the individual defendants and retaliation claims, but alleges many of the same immaterial factual allegations and same causes of action from her previous attempts: (1) race discrimination under Title VII against the Sheriff (Count I); (2) race discrimination under the FCRA against the Sheriff (Count II); (3) race discrimination under 42 U.S.C. § 1983 ("Section 1983") against the Sheriff (Count III); and race discrimination under Section 1981 brought through Section 1983 against the Sheriff (Count IV). (Doc. 47).

5

17. The Third Amended Complaint is subject to dismissal as well.

18. Counts III and IV of the Third Amended Complaint should be dismissed with prejudice because the Sheriff is not the final policymaker for purposes of Saulsberry's claims brought under 42 U.S.C. Section 1983. This issue is a question of law. Indeed, this court has previously held that a Sheriff is not a final policymaker because employees who have attained career service status, such as Saulsberry, have the right under Florida law to appeal adverse employment actions to a career service appeals board.

### Local Rule 3.01(g) Conferral Process

19. In addition, the Sheriff intended to move for dismissal based on the Third Amended Complaint being, yet again, an impermissible shotgun pleading.

20. In accordance with Local Rule 3.01(g), the undersigned conferred at length via telephone conferences and emails with Saulsberry's counsel on November 18, 2022.

21. During the conferral process, Saulsberry's counsel agreed to strike the following paragraphs from the Third Amended Complaint: 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 41, 42, 44, 53, 68, 73, 74, 81, 82, 88 (references to hostility and poor treatment), 90 (references to hostility and abuses), 92 (references to abusive and offensive work environment), 100 (references to hostility and poor treatment), 101

6

(references to hostility and abuses), 102 (references to abusive and offensive work environment).

22. Because Saulsberry's striking all of these paragraphs eliminates the shotgun pleading issue, the Sheriff does not move for dismissal in this Motion on that basis.

23. The Sheriff, however, does not agree to Saulsberry's filing of a further amendment or corrective pleading. The Court's Order on September 21, 2022 indicated Saulsberry's Third Amended Complaint would be her "final opportunity to replead," and therefore the Sheriff defers to the Court. (Doc. 46).

WHEREFORE, Defendant respectfully request that this Court grant the Motion and enter an Order dismissing Counts III and IV of the Third Amended Complaint with prejudice, and granting further relief as the Court deems appropriate.[1]

## MEMORANDUM OF LAW

### I. Legal Standard for Motion to Dismiss.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter to . . . 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

---

[1] In the interest of judicial efficiency and economy, rather than filing a piecemeal answer, the Sheriff will file an answer to any remaining causes of action after the Motion is resolved (in the event the Court permits Saulsberry to further amend or otherwise correct the Third Amended Complaint).

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering such a motion, the court "should eliminate any legal conclusions contained in the complaint, and then determine whether the factual allegations, which are assumed to be true, give rise to relief." Chapman v. USPS, 442 F. App'x 480, 482–83 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Accordingly, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Additionally, if it is clear that the plaintiff cannot amend the complaint to plead sufficient facts, a court has the discretion to dismiss the case with prejudice. See Daewood Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1260–61 (11th Cir. 2006). Denying leave to submit an amended complaint is "justified by futility when the 'complaint as amended is still subject to dismissal.'" Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)).

## II. The Sheriff is Not a Final Policymaker for Purposes of Plaintiff's Section 1983 Claims.

Counts III and IV of the Third Amended Complaint should be dismissed with prejudice because the Sheriff is not the final policymaker for purposes of Saulsberry's claims brought under 42 U.S.C. Section 1983.

This issue is a question of law. See Scala v. City of Winter Park, 116 F.3d 1396, 1398-99 (11th Cir. 1997) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989)) ("Reviewing the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law, the trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the governmental actor concerning the action alleged to have cause the particular constitutional or statutory violation at issue.").

Under Section 1983, pursuant to which Saulsberry brings Counts III and IV of her Third Amended Complaint, a government entity may not be held liable under a theory of *respondeat superior,* but instead may only be held liable for the execution of an official governmental policy or custom. Maschmeier v. Scott, 508 F. Supp. 2d 1180, 1182 (M.D. Fla. 2007), aff'd, 269 F. App'x 941 (11th Cir. 2008) citing Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir.2003). Only government officers or groups who have final policymaking authority may subject the government entity to a Section 1983 claim. Campbell v. Rainbow

9

City, Ala., 434 F.3d 1306, 1312 (11th Cir.2006). In order to impose liability upon a government entity, the plaintiff must establish that the defendant was the final policymaker. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 636–37 (11th Cir.1991); see also Templeton v. Bessemer Water Serv., 154 Fed. Appx. 759, 765 (11th Cir.2005) (plaintiff must prove that defendant was final policymaker to establish a Section 1983 claim). This is an element of the cause of action against a government entity to be proven by Saulsberry.

The decision maker is not always the same as the final policymaker because "final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review." Quinn, 330 F.3d at 1325 (citations omitted). Meaningful administrative review has been found to exist where there was review available by a career service council with the authority to order reinstatement or otherwise amend, alter, sustain or reverse the decision of the employer, and where there was review by a civil service board with power to reverse a termination decision. Scala, 116 F.3d at 1401-03; Quinn, 330 F.3d at 1326.

Indeed, this court has previously held that a Sheriff is not a final policymaker because employees who have attained career service status, such as Saulsberry, have the right under Florida law to appeal adverse employment actions to a career service appeals board ("CSAB") comprised of fellow officers,

which has been held to divest the Sheriff from final policymaking authority with regards to termination decisions. See Lopez v. Gibson, 324 F. Supp. 3d 1239, 1240 (M.D. Fla. 2018), aff'd, 770 F. App'x 982 (11th Cir. 2019); Leath v. Hansell, Case No. 6:06-cv-00896-PCF-DAB (Doc. 39) (M.D. Fla. 2008).

As set forth in both Florida law and MCSO's policies, the CSAB at all times has the legal authority to review and reverse the Sheriff's termination decisions, and its decision is legally binding on the Sheriff. See 1987 Fla. Laws, Chap. 457, §2(3)(e) ("The decision of a board is final and binding on the employee and the sheriff.").[2] As Saulsberry discussed in her Second Amended Complaint (Doc. 35 at ¶¶ 83-88), but, curiously, mentions only in passing in her Third Amended Complaint (Doc. 47 at ¶¶ 117 and 128), Saulsberry invoked her rights to have her termination reviewed at a hearing before the CSAB. There is nothing more than a threadbare allegation that the CSAB's review was not meaningful. Thus, it is clear in the instant case that the Sheriff was not the final policymaker with regards to adverse action at issue in this case. Therefore, liability on behalf of the Sheriff is precluded as a matter of law and Counts III and IV should be dismissed with prejudice. See Gilliam v. United States VA, 822 F. App'x 985, 992–93 (11th Cir. 2020) (holding that the third

---

[2] The Court may judicially notice the Marion County Sheriff's career service act, which is located at 1987 Fla. Laws, Chap. 457. A complete copy is attached as Ex. A.

11

amended complaint was properly dismissed with prejudice because "an additional amendment would have been futile").

### III. Conclusion.

Based upon the foregoing, the Sheriff respectfully requests that the Court grant the Motion and enter an Order: (1) dismissing Counts III and IV with prejudice because the Sheriff is not a final policymaker for purposes of Saulsberry's Section 1983 claims as a matter of law; and (2) granting further relief as the Court deems appropriate given the circumstances.

### Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), as outlined above in Paragraphs 19-23, the undersigned has conferred at length via telephone conference and email with Saulsberry's counsel who opposes dismissal.

Respectfully submitted on November 21, 2022.

>  */s/ Justin S. Swartz*
>  R.W. Evans, Esq.
>  Florida Bar No.: 198862
>  revans@anblaw.com
>  Justin S. Swartz
>  Florida Bar No.: 91232
>  jswartz@anblaw.com
>  **ALLEN, NORTON & BLUE, P.A.**
>  906 N. Monroe Street
>  Tallahassee, Florida 32303
>  (850) 561-3503 Phone
>
>  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF System, which will send a notice of electronic filing to: Marie A. Mattox, Marie A. Mattox PA, 203 North Gadsden Street, Tallahassee, FL 32301, marie@mattoxlaw.com.

                                       */s/Justin S. Swartz*
                                       Attorney