# Exhibit A

## CHAPTER 87-457

### Senate Bill No. 1355

An act relating to Marion County; providing permanent status for certain employees of the Marion County Sheriff; specifying rights of such employees; providing procedures for appeal of disciplinary actions and complaints against employees of the sheriff; providing for the appointment of boards to hear appeals and procedures with respect thereto; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1. Employees of Marion County Sheriff; applicability of act; permanent status of employees; administration.--

(1) APPLICABILITY.--This act applies to all certified and noncertified persons in the employ of the Office of the Marion County Sheriff, including deputy sheriffs. This act does not apply to the sheriff, the staff attorney, special deputy sheriffs appointed pursuant to s. 30.09(4), Florida Statutes, or members of the sheriff's posse or reserve units or any other of the sheriff's satellite units; to individuals appointed as part-time deputy sheriffs, as defined by the Criminal Justice Standards and Training Commission; or to any other part-time or contract employee, unless any such person is also employed full time by the office of the sheriff. As used in this act, the terms "employee," "employ," and "employment" refer to all persons, whether employed or appointed, to whom the act applies. It is not, however, the intent of this act to grant the right of collective bargaining to persons in the employ of the Office of the Marion County Sheriff who do not otherwise have that right pursuant to law.

(2) PERMANENT STATUS; CAUSE FOR SUSPENSION OR DISMISSAL.--

(a) When an employee of the sheriff to whom the act applies has served in such employment for a continuous period of 1 calendar year, the employee attains permanent status in the office of the sheriff, unless the employee is placed on extended probation, in which case permanent status will be attained only upon satisfactory completion of the extended probationary period; provided, however, that if an employee is placed on an extended probation for a period of 6 months or more or is terminated and subsequently rehired, that employee must complete 1 calendar year of continuous service from the date of the end of the probationary period or from the date of rehiring before being granted the right of appeal provided in section 2. An employee who is required to serve a probationary period attendant to a promotion retains permanent status in the office of the sheriff, but may be demoted to his prior rank during such probationary period without the right of appeal as provided in section 2.

(b) An employee who has achieved permanent status in the office of the sheriff may be suspended or dismissed only for cause. Prior to such suspension or dismissal, however, the employee must be furnished written notice of the proposed action and offered an opportunity to respond to the reasons for the suspension or dismissal. However, in extraordinary situations, such as when delay could result in damage or injury, an employee may be suspended or dismissed for cause immediately and provided notice thereof and reasons therefor within 24 hours, or as soon as is practical if

circumstances surrounding such extraordinary situation makes notice within 24 hours impractical. Cause for suspension or dismissal includes, but is not limited to, negligence, inefficiency, or inability to perform assigned duties, insubordination, willful violation of the provisions of law or office rules, conduct unbecoming a public employee, misconduct, proof of alcohol abuse, proof of abuse of prescription drugs, or proof of use of illegal drugs. Cause for suspension or dismissal also includes adjudication of guilt by a court of competent jurisdiction, a plea of guilty or of nolo contendere, or a verdict of guilty when adjudication of guilt is withheld and the accused is placed on probation, with respect to any felony, misdemeanor, or major traffic infraction. The filing of felony, misdemeanor, or major traffic infraction charges against an employee constitutes cause for suspension.

(3) TRANSITION OF EMPLOYEES.--When a newly elected or appointed sheriff assumes office, the incoming sheriff shall continue the employment of currently employed permanent personnel unless cause for dismissal, as provided in this section, exists. However, the incoming sheriff may maintain the current personnel assigned to the positions of sheriff's secretary and bureau chiefs. If the incoming sheriff fills the bureau chief positions with new personnel, the current occupants of those positions must be reduced by one rank, which rank will be permanent unless later reduced by disciplinary demotion, and their salaries may be reduced accordingly. If the incoming sheriff fills the position of nonsworn bureau chiefs with new personnel, the current occupants of those positions must be reduced by one position within the bureau, which positions are permanent unless later reduced by disciplinary demotion, and their salaries may be reduced accordingly. If the incoming sheriff fills the sheriff's secretary position with a new employee, the current occupant of that position must be transferred to another position for which the employee is qualified within the office of the sheriff. Actions taken pursuant to this subsection affecting the bureau chief positions and the sheriff's secretary position are not appealable under section 2.

(4) ADMINISTRATION.--The sheriff may adopt such rules and regulations as are necessary for the implementation and administration of this act; however, nothing in this act may be construed as affecting the budget-making powers of the Board of County Commissioners of Marion County.

Section 2. Career service appeals boards; creation; membership; duties.--

(1) FUNCTION OF BOARDS.--Ad hoc career service appeals boards shall be appointed as provided in this section for the purpose of hearing appeals of permanent employees arising from personnel actions brought under office rules or policies which result in dismissal, suspension, demotion, or reduction in pay; provided that reprimands, oral or written, and suspensions of 5 working days or less resulting from a single investigation, loss of specialty pay, and any intra-office transfer of an employee made as a result of an investigation, unless such transfer includes a reduction in the employee's pay, and any investigation resulting only in an order of indemnification from the employee for damage to property caused by employee negligence or misconduct, unless the amount of indemnification ordered is greater than the amount of the employee's salary for a period of more than 5 days, are not appealable to a board. Any such board may also provide assistance and advice to the sheriff in matters concerning

disciplinary actions and may take any other action authorized by the sheriff.

(2) MEMBERSHIP OF BOARDS.--When needed upon the call of the sheriff, or upon the filing of an appeal, an ad hoc career service appeals board shall be appointed. The membership of each such board shall consist of five employees of the office of the sheriff. Two members must be selected by the sheriff, two members must be selected by the employee filing the appeal, and the fifth member, who shall serve as chairman of the board, must be selected by the other four members. The ranking officer in charge of personnel shall serve as an ex officio member of the board, but shall have no vote. Any employee shall have the right to decline to serve as a member of a board. Employees selected to serve on a board shall serve without additional compensation or overtime compensation with respect to such service. Once selected to a board, the members thereof shall serve until final action is taken by the board with respect to the purpose for which the board was selected, at which time the board shall be dissolved.

(3) PROCEDURE WITH RESPECT TO APPEALS.--

(a) An appeal of an action specified in section 1 must be made in writing to the sheriff and must be received by the sheriff no later than 3 working days after the employee is notified of the action on which the appeal is based.

(b) A career service appeals board shall be selected and shall meet for purposes of hearing the appeal no later than 15 working days after receipt of an appeal by the sheriff. A board may grant an extension or a continuance upon a showing of good cause therefor.

(c) During any hearing, the employee filing the appeal shall have the right to be heard publicly, to be represented by a person of his choice, and to present any evidential facts in his behalf; and, during such hearing, the technical rules of evidence do not apply. A board shall, in the conduct of such hearings, have the power to administer oaths, issue subpoenas, compel the attendance of witnesses, and require the production of books, records, accounts, papers, documents, and testimony. In case of disobedience of any person to comply with an order of a board or a subpoena issued by a board, or upon the refusal of a witness to testify on any matter regarding which he may be lawfully questioned, a county court judge of the county in which a person lawfully resides, upon application of any member of the board, shall compel obedience by proceeding as for contempt. Each witness who appears in obedience to a subpoena before the board shall receive compensation for attendance fees and mileage as provided for witnesses in civil cases in the courts of this state. Such payments must be made by the party calling the witness; except that, with respect to any witnesses called by the board, payments must be made by the sheriff upon presentation of proper vouchers and approval by three members of the board.

(d) A board shall by majority vote dispose of the appeal for which it was appointed by making findings of fact and issuing a written decision. Such decision must either sustain or not sustain the action being appealed. If an action by the sheriff is not sustained by a board, the board shall order such remedial action as is appropriate, which may include reinstatement with back pay, and may modify any personnel action which was the subject of the appeal. No board shall have the authority to impose on any employee any

penalty which is more harsh than that which formed the basis of the appeal.

(e) The decision of a board is final and binding on the employee and the sheriff.

Section 3. Complaints against employees; appeals.--

(1) COMPLAINTS AGAINST EMPLOYEES.--A procedure for receiving and processing complaints is hereby established in order to provide adequately for the prompt receipt, investigation, and disposition of complaints against employees of the Office of the Marion County Sheriff.

(2) PROCEDURE WITH RESPECT TO COMPLAINTS.--Any employee of the sheriff is authorized to receive a complaint against any other employee of the sheriff. Each complaint must be reduced to writing and must be resolved as provided in this section.

(a) If a complaint is received by an employee during regular office hours, the complaint must be referred to the appropriate division commander unless the receiving employee is able to resolve the complaint, in which case the complaint and resolution must be reported in writing to the appropriate division commander.

(b) If a complaint is received after regular office hours, the complaint must be referred to the shift commander unless the receiving employee is able to resolve the complaint, in which case the complaint and resolution must be reported in writing to the shift commander. The shift commander, in his discretion, shall conduct an investigation to determine if immediate action is needed to preserve the integrity of the office of the sheriff. If immediate action is not required, the complaint must be referred to the appropriate division commander at the beginning of the next working day, or sooner if required.

(c) Each complaint must be reviewed by the sheriff with the employee's appropriate chain of command.

(d) If a complaint is unfounded, a written report must be filed for information only, and a copy of the report must be given to the employee.

(e) If a complaint is well founded and it is determined that a violation has occurred, the sheriff may decide the appropriate disciplinary action, or the sheriff may refer the matter to the appropriate bureau chief or division commander to decide the appropriate disciplinary action; and the employee must be notified of the proposed disciplinary action as provided in section 1.

(3) APPEALS.--If an employee is dissatisfied with a decision regarding disciplinary action resulting from a complaint, the employee may appeal the action to a career service appeals board as provided in section 2.

Section 4. All certified and noncertified persons in the employ of the Office of the Sheriff of Marion County on the effective date of this act who have served for a period of 1 calendar year or more as of such date shall be permanent employees subject to the provisions of this act. All other employees shall become permanent

CHAPTER 87-457           LAWS OF FLORIDA           CHAPTER 87-457

employees subject to the provisions of this act upon reaching their 1-calendar-year-service anniversary date, as provided in section 1.

Section 5. This act shall take effect upon becoming a law.

Became a law without the Governor's approval.

Filed in Office Secretary of State July 11, 1987.

## CHAPTER 87-458

### Senate Bill No. 1358

An act relating to Alachua County; repealing chapter 67-1078, Laws of Florida, as amended, relating to comprehensive planning and comprehensive plan implementation activities in Alachua County; requiring comprehensive planning and land development regulation by Alachua County or by a municipality in the county to be in compliance with general law; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1. Chapter 67-1078, Laws of Florida, as amended, is hereby repealed.

Section 2. Notwithstanding any other provision of law, comprehensive planning and land development regulations activities that are conducted by Alachua County or by a municipality in Alachua County must be in compliance with the applicable provisions of general law.

Section 3. This act shall take effect October 1, 1987.

Became a law without the Governor's approval.

Filed in Office Secretary of State July 11, 1987.

## CHAPTER 87-459

### Senate Bill No. 1360

An act relating to Monroe County; amending chapter 67-1724, Laws of Florida, as amended, and chapter 73-555, Laws of Florida, as amended; expanding the powers and duties of the governing board of the Lower Florida Keys hospital district; authorizing bond issuance for acquisition and development of real property; deleting requirements that voting at bond elections be limited to freeholders and providing for issuance of bonds upon approval of a majority of the electors voting; deleting the cap on interest for interest-bearing bonds; authorizing the establishment of medical facilities or other health care related facilities in addition to hospitals; providing an effective date.